# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dowan Hall, | No. CV-17-04118-PHX-JJT (MHB) |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, *et al.*, | |
| Respondents. | |

At issue is the Report and Recommendation ("R&R") (Doc. 12) submitted by United States Magistrate Judge Michelle H. Burns, recommending that the Court deny and dismiss as untimely the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Court initially entered an Order adopting the R&R and its reasoning and dismissing the Petition when Petitioner failed to file objections. (Doc. 13.) But Petitioner showed good cause for vacatur of that Order and judgment in the form of excusable neglect, and the Court vacated the judgment and gave Petitioner additional time to file objections. (Doc. 17.) The Court's Order, entered October 28, 2019, gave Petitioner 45 days from the date of entry of the Order—or until December 13, 2019—to file his Objections. Petitioner thereafter filed Objections to the R&R (Doc. 23) on January 2, 2020, which despite their potential untimeliness, the Court has nonetheless considered, along with Respondent's Reply to those Objections (Doc. 25.)

The Court concludes Judge Burns' analysis and recommendation are correct and it will adopt same. The Arizona Court of Appeals affirmed Petitioner's convictions and

sentences November 4, 2010. They became final for purposes of seeking collateral review thirty days later—on December 6, 2010. The limitations period for initiating these proceedings started running that day, and expired one year later absent tolling, on December 6, 2011. Petitioner did not file his Petition until November 8, 2017. His Petition is thus nearly six years late. He therefore would have to demonstrate statutory or equitable tolling of that deadline for the Court to consider the merits of his Petition, and he makes no argument for equitable tolling.

Statutory tolling occurs when a defendant in a state criminal action timely files a notice requesting post conviction relief pursuant to Rule 32, Ariz. R. Crim. P. But the key requirement is "timely" filing of that notice. Rule 32.4 provides in relevant part that "a defendant must file the notice for a claim under Rule 32.1(a) . . . within 30 days after the issuance of the mandate in the direct appeal." Rule 32.4(b)(3)(A), Ariz. R. Crim. P. As set forth above, and in Judge Burns's R&R, the mandate on Petitioner's state appeal issued December 6, 2010, and under Rule 32.4(b)(3)(A), he had until January 5, 2011, to file his PCR notice. He did not do so until November 20, 2014—nearly three years too late. His PCR notice was therefore untimely, did not alter the date his state conviction became final for purposes of AEDPA, and did not statutorily toll the limitations period for filing his Petition to this Court. Were the Court to rule otherwise, deadlines to file federal habeas petitions would mean nothing and petitioners could "re-start the clock" on AEDPA's limitations period by filing state PCR notices whenever they pleased, even decades after their convictions became final. The Petition is thus untimely under AEDPA, and ineligible for statutory or equitable tolling, as Judge Burns concluded.

Petitioner filed five single-sentence objections, none of which address the issue of untimeliness of the PCR notice or the resultant lack of tolling the deadline to file the Petition here. He simply states conclusorily that his "one year began on the final decision of my PCR Sept. 15, 2017." (Objection at 2.) With no authority whatsoever, this pronouncement is contrary to the rules and law set forth above. The Court will overrule the Objections.

IT IS ORDERED overruling Petitioner's Objections (Doc. 23) and adopting in full the R&R in this matter. (Doc. 12.)

IT IS FURTHER ORDERED denying and dismissing with prejudice the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (Doc. 1.)

IT IS FURTHER ORDERED denying a Certificate of Appealability or leave to proceed *in forma pauperis* on appeal. The Court finds the dismissal of the Petition is justified by a plain procedural bar, and that jurists of reason would not find the procedural ruling debatable.

IT IS FURTHER ORDERED directing the Clerk of Court to terminate this matter.

Dated this 18th day of February, 2020.

Honorable John J. Tuchi
United States District Judge